UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES E., <br><br>　　　　　　Plaintiff, <br><br>　v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>　　　　　　Defendant. | Case No. 3:21-cv-5104-TLF <br><br> ORDER |

Plaintiff has brought this matter for judicial review of defendant's denial of his applications for supplemental security income (SSI)] benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13.

Plaintiff submitted an application for Social Security Disability Income benefits on June 30, 2017, alleging an onset date of October12, 2011. AR 267-74. The onset date was later amended to June 30, 2017. AR 47. The application was denied initially and on reconsideration. AR 102-157. ALJ Rebecca Jones conducted a hearing on May 14, 2019 and April 21, 2020 concerning plaintiff's appeal. AR 38-101. ALJ Jones found plaintiff was not disabled. AR 11-37 (decision dated 6-17-2020).

ORDER - 1

The Appeals Council denied plaintiff's request for review. AR 1-7. Plaintiff seeks judicial review of the ALJ's decision.

I. ISSUES FOR REVIEW

Did the ALJ have legally sufficient reasons and substantial evidence to reject opinion evidence from plaintiff's physical therapist?

II. DISCUSSION

Plaintiff contends the ALJ erred by failing to provide reasons that were legitimate, and by the lack of substantial evidence, to support the ALJ's decision rejecting the opinions of Dr. Novoa, plaintiff's physical therapy treatment provider. Specifically, plaintiff contends the ALJ erred by relying on the following reasons: (1) Dr. Novoa's findings were inconsistent with the medical record; (2) Dr. Novoa's opinions did not align with their treatment notes; and, (3) Dr. Novoa's opinion was inconsistent with plaintiff's daily activities. Dkt. 16, plaintiff's opening brief at 6-18.

The ALJ found plaintiff had the following severe conditions: severe ankylosing spondylitis, left hip status post-surgical changes, mild degenerative disc disease of the cervical spine, lumbar sacroiliitis, generalized anxiety disorder, and major depressive disorder. AR 17. Given the limitations found by the ALJ, plaintiff's RFC was determined to allow for light, unskilled work; the ALJ decided there were jobs plaintiff could perform in the future, existing in the national economy, such as production assembler, marker, and small products assembler. Therefore, the ALJ determined plaintiff to be not disabled, at step five. AR 21, 30.

The Commissioner uses a five-step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. § 416.920. The ALJ assesses the claimant's RFC to determine, at step four, whether the plaintiff can perform past relevant work, and if

ORDER - 2

necessary, at step five to determine whether the plaintiff can adjust to other work. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). The Commissioner has the burden of proof at step five to show that a significant number of jobs that the claimant can perform exist in the national economy. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. § 416.920(e).

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla," of evidence. *Id.*

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court considers in its review only the reasons the ALJ identified and may not affirm for a different reason. *Id.* at 1010. Furthermore, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citations omitted).

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r of Soc. Sec. Admin.,* 533 F.3d 1155, 1165 (9th Cir. 2008). It is unnecessary for the ALJ to "discuss *all* evidence

ORDER - 3

presented". *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ commits error if they reject significant probative evidence, without explaining reasons for the rejection. *Flores v. Shalala,* 29 F.3d 562, 570-571 (9th Cir. 1995). Therefore, at step five, hypothetical questions posed by the ALJ to the vocational expert must include each of the claimant's physical and mental limitations as established by facts in the administrative record; the ALJ may not reject significant probative evidence – unless the ALJ's written decision gives reasons (based on substantial evidence) for disregarding particular evidence. *Id.*

      A.  Opinions of Dr. Novoa, plaintiff's physical therapist

Dr. Novoa provided an opinion on January 9, 2020; they found that plaintiff would need to lie down two to four times per day, to relieve pain, because the painfulness of his conditions increases when he is in an upright, weight-bearing position. AR 862. Dr. Novoa stated that plaintiff's symptoms included: constant, chronic pain in the lower cervical spine, thoracic spine, hip and sacroiliac joints; they also offered an opinion that one of plaintiff's conditions, ankylosing spondylitis, would be reasonably likely to cause pain -- because it involves an inflammation that causes pain in spinal and pelvic joints and also in peripheral joints. *Id.* Dr. Novoa noted that X-rays and other diagnostic tests confirmed the condition, and further opined that plaintiff's condition is progressive and is expected to become more pronounced as time goes by. *Id.*

Dr. Novoa stated that plaintiff would miss four or more days of work each month as a result of these impairments. AR 862-863. And, Dr. Novoa opined that plaintiff would only be able to tolerate a few hours per day of activity and then he would need to take a break due to pain; the longer the period of activity, the more plaintiff would be

ORDER - 4

impaired because "[longer duration activity can flare symptoms for days or weeks". AR 863.

Plaintiff filed the application for SSI on June 30, 2017, so the 2017 regulations apply in this case. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). Under the 2017 regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

The ALJ must explain how they considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). A medical opinion from a licensed physical therapist is an opinion of a "medical source". 20 C.F.R. 404.1502(d). In this case, plaintiff's physical therapist had a doctorate in physical therapy, and there is no dispute about whether they were properly credentialed. AR 862.

The regulations applicable to claims filed before March 27, 2017, set out a hierarchy by which an ALJ would consider opinion evidence; more weight was generally given to the opinion of a treating doctor than to an examining doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. As discussed above, in 2017, the Commissioner revised agency regulations and removed language regarding the hierarchy of medical opinions.

The Ninth Circuit has not yet considered the 2017 regulations, or whether the change in regulations will cause the Court of Appeals to reevaluate its holdings regarding the legal standards of "clear and convincing" or "specific and legitimate"

ORDER - 5

reasons for an ALJ to reject medical opinions. The Ninth Circuit mentioned the pre-March 27, 2017 regulations and found that its precedent in *Murray v. Heckler*, 722 F.2d 499, 501–02 (9th Cir. 1983), setting forth legal standards for treating and examining doctors would be consistent with the C.F.R. provisions. *See Lester v. Chater*, 81 F.3d 821, 830-833 (9th Cir. 1996); 20 C.F.R. §§ 404.1527, 416.927. The Ninth Circuit has repeatedly held that an ALJ must have specific, legitimate reasons supported by substantial evidence in order to reject or discount the opinion of an examining doctor if the opinion is contradicted by another doctor's opinion. *See Lester*, 81 F.3d at 830–33; *Ryan v. Commissioner of Social Sec.*, 528 F.3d 1194, 1198-99 (9th Cir. 2008).

The genesis of the "specific and legitimate" substantive legal standard is *Murray v. Heckler*, at 501–02. In that case, the Ninth Circuit did not mention any regulations promulgated by the Social Security Administration (the regulations that set forth different ways of considering various types of doctor opinions were promulgated in 1991, 56 FR 36932-01, 1991 WL 142361). The Court reviewed precedent from other circuits and determined that an ALJ's decision rejecting or discounting a treating physician's opinion that conflicts with a physician who saw the patient only once, would need to meet the following substantive legal standard: The ALJ's findings would be upheld if they are based on reasons that are specific and legitimate. *Murray,* at 502. This "specific and legitimate" standard is in addition to the requirement of substantial evidence. *Id.*

Therefore, the ALJ's explanation must be legitimate, as the Court will not affirm a decision that is based on legal error or not supported by substantial evidence. *See Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Thus, the regulations require the ALJ to provide specific and legitimate reasons to reject a doctor's opinions. *See also*

*Kathleen G. v. Comm'r of Soc. Sec.*, No. C20-461 RSM, 2020 WL 6581012 at *3 (W.D. Wash. Nov. 10, 2020) (unpublished opinion) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

With respect to the ALJ's first reason, the existence of a conflict among the medical opinions of Dr. Novoa and the non-examining state agency medical consultants, is not, in itself, a reason for choosing one doctor's opinion over the others; rather, it only establishes an issue the ALJ must resolve. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities."). "Determining whether inconsistencies are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount the opinions of [treating or examining doctors] falls within this responsibility." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999).

In this case, the ALJ referred to Dr. Staley's and Dr. Hander's reports as being persuasive. AR 26-27; AR 113 (Report of Robert Hander, MD, October 3, 2017); AR 134-139 (Report of Norman Staley, MD, March 1, 2018). Yet Dr. Staley's report was based on 2017 medical information, did not consider any physical therapy notes from Dr. Novoa, and had only about one month of overlap with the time frame considered by Dr. Novoa (Dr. Novoa indicated their earliest appointment with and assessment of plaintiff was 1-22-2018).

Dr. Hander's report pre-dates the time frame of Dr. Novoa's opinions. It was issued on October 3, 2017, and referenced MRI results and range of motion from mid-2017. AR 114. There is not any material inconsistency, by comparison with Dr. Novoa's opinions – because they are based on different time frames. In addition, neither Dr. Hander nor Dr. Staley had a two-year treating relationship involving more than 21 appointments with plaintiff, and they did not have any specialty in physical therapy. Because the opinions are based on multiple in-person therapy appointments, and Dr. Novoa is a specialist in physical therapy, these opinions relating to the time period between January 2018 and January 2020 are more supportable -- more relevant to the time period at issue, and more reliable because they are based on more data points and the interpretation of a specialist in physical therapy. The ALJ erred because there is not substantial evidence, or legally sufficient reasoning, to support the first reason for rejecting Dr. Novoa's opinions.

With respect to the ALJ's second reason, an ALJ may discount a doctor's opinions when they are inconsistent with or unsupported by the doctor's own clinical findings. See Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008). Even where a treating physician's opinion is brief and conclusory, an ALJ must consider its context in the record—especially the physician's treatment notes. See Burrell v. Colvin, 775 F.3d 1133, 1140 (9th Cir. 2014) (holding ALJ erred in finding treating opinion "conclusory" and supported by "little explanation," where ALJ "overlook[ed] nearly a dozen [treatment] reports related to head, neck, and back pain"); Revels v. Berryhill, 874 F.3d 648, 663 (9th Cir. 2017) (finding ALJ erred in rejecting treating physician's opinion as

supported by "little explanation," where record included treatment notes supporting the opined limitations).

In this situation, the treatment notes show that between initial assessment by Dr. Novoa on January 22, 2018, and more than 21 physical therapy appointments later – on March 25, 2019 -- plaintiff experienced a high degree of pain in multiple areas of the body; the pain was ranging from 3/10 to 7/10 during the 2019 appointments and ranging between 3/10 and 10/10 during the 2018 appointments, with some fluctuating improvement during treatment (e.g., intensity of pain declined for a few days following an injection by Dr. Franzen). AR 546, 551-554, 556-557, 561-569, 571-584, 592-599, 604-607, 610-615, 625-637. For example, on March 4, 2019, Dr. Novoa stated that plaintiff's pain rating was 6/10 and he was "still without medical management" for his condition; about one year before that, on March 20, 2018, Dr. Novoa noted plaintiff's pain level was 7/10 and physical therapy interventions were significantly limited because any movement was painful. AR 557, 610.

There were a number of assessments in February and March 2018 (including an MRI of plaintiff's hips showing bilateral sacroiliitis). AR 663, 661-664, 855-856. Dr. Franzen, a sports medicine specialist, performed an orthopedic examination, reviewed the MRI results and other x-rays, and in March 2018 performed a corticosteroid injection. AR 955-960. Although it provided temporary relief from pain, the injection did not provide lasting change. AR 813-814. Plaintiff also was evaluated by Dr. Daniel Kim, a rheumatology physician. He noted that plaintiff had polyarthralgias with an MRI showing bilateral sacroiliitis, and ankylosing spondylitis of multiple sites in the spine. AR 661-664. Dr. Kim noted that plaintiff's medications were not providing pain relief, and he

ORDER - 9

recommended Humira. AR 664. Additional medical records support plaintiff's contention that Dr. Novoa's opinions are aligned with and supported by the medical opinions and records during the relevant period. See Dkt. 16, plaintiff's opening brief, at 8-14.

The medical records are consistent with Dr. Novoa's opinions. The ALJ's second reason is therefore unsupported by substantial evidence.

Regarding the ALJ's third reason, inconsistency between a physician's opinion and a claimant's activities is a sufficiently specific and legitimate reason to discount the physician's opinion. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Yet disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits)).

Here, the ALJ found "claimant is able to socialize daily with roommates and spend time in public places, such as a community garden, stores, and medical treatment facilities", and he is "able to engage in a robust range of activities, including going out alone, riding a bicycle, cooking his own meals, performing household chores, and managing his own medical treatment". AR 20, 23, 24. The ALJ stated it was "especially notable" that plaintiff had the ability to ride a bicycle from Olympia to Portland. AR 25. During the hearing, plaintiff explained that at the time of the hearing, he rode his bike about once per month to get to medical appointments or to run errands, AR 55-56, because he could not drive a car. The long ride to Portland took place in 2016, before the relevant time period for this claim. AR 57.

ORDER - 10

The plaintiff's activities during the relevant time period are not comparable to the responsibilities of a work environment, they do not detract from plaintiff's credibility as to his overall disability, nor are they inconsistent with Dr. Novoa's opinion. These "are activities that are so undemanding that they cannot be said to bear a meaningful relationship to the activities of the workplace." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Nor is there sufficient detail regarding plaintiff's listed activities to show inconsistency with Dr. Novoa's opinion. Plaintiff's activities do not constitute substantial evidence undermining the persuasiveness of Dr. Novoa's opinion.

Harmless Error

An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

In this case, the error is not harmless. Dr. Novoa's assessment and opinions are more restrictive than the RFC, and cover the relevant time period (while Dr. Staley's and Dr. Hander's opinions do not include an interpretation or evaluation of the more detailed and thorough 2018 and 2019 medical evaluations). The ALJ did not include the limitations found by Dr. Novoa in the questions to the Vocational Expert. AR 83-90. When plaintiff's counsel asked the Vocational Expert whether any employer would allow a worker to lie down on the job, the Vocational Expert stated that would not be tolerated. AR 90.

B. Remand With Instructions for Further Proceedings

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664,

ORDER - 11

682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *See, Revels v/ Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

Here, a remand for further proceedings is appropriate. Dr. Novoa's opinions were not fully considered or properly evaluated by the ALJ, and therefore ambiguity exists concerning whether the plaintiff meets the criteria for disability.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when they determined plaintiff to be not disabled. Defendant's decision to deny benefits is

therefore REVERSED and this matter is REMANDED for further administrative proceedings. The ALJ is directed to hold a new hearing and take additional evidence as necessary, re-evaluate the medical evidence, reassess plaintiff's residual functional capacity, and make a new finding at step five with respect to whether plaintiff is, or is not, disabled.

Dated this 7th day of January, 2022.

Theresa L. Fricke
United States Magistrate Judge

ORDER - 13